IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENT A. JAMES,**

    Petitioner,

v.                                                           Civil Action No. 5:11cv101
                                                                  Judge Stamp

**KUMA DEBOO, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Procedural History

On July 22, 2011, the petitioner, Kent A. James, a federal prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2241, alleging that he is actually innocent of unlawful consecutive sentences, and seeking vacatur of his sentence and immediate release.

On July 29, 2011, the undersigned made a preliminary review of the file, determined that summary dismissal was not warranted at that time and directed the respondent to respond to the petition. On August 24, 2011, respondent filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment, with a Memorandum in Support.

On August 29, 2011, a Roseboro Notice was issued. On September 16, 2011, the petitioner moved for an extension of time in which to respond, and by Order entered on September 19, 2011, his motion was granted, giving him permission to file a response of up to thirty-five (35) pages.

Subsequently, on October 12, 2011, petitioner filed his Memorandum in Opposition to Motion to Dismiss, or Alternatively, Motion for Summary Judgment, along with an affidavit in support, and a Motion for Leave to Amend Petition for Writ of Habeas Corpus, which contained the sought-for amendment.

This matter, which is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, is ripe for review.

## II. Facts

On February 14, 1997, a multi-count Complaint was filed in the United States District Court for the Southern District of New York against petitioner and his co-defendant brother. A Superseding Indictment was filed on May 1, 1997. After his co-defendant pled guilty, the Superseding Indictment was redacted as it related to the 5 counts pertaining to petitioner.

Petitioner was charged under Count 1, manufacturing firearms in violation of 26 U.S.C. § 5861(f); Count 2, manufacturing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A); Count 3, possession of firearms by a prohibited person in violation of 18 U.S.C. § 922(g)(1); Count 4, possession of non-registered firearms in violation of 26 U.S.C. 5861(d); and Count 5, possession of explosives in violation of 18 U.S.C. § 842(i)(1). See Criminal Docket for Case #1:97-cr-00185-BSJ-2, attached to petitioner's habeas corpus application, Dkt.# 1-4 and Judgment in a Criminal Case, also attached to petitioner's application as Dkt.# 1-2.

On February 25, 1998, after a six-day jury trial before then-District Court Judge Sonia Sotomayor, petitioner was found guilty of all counts. At sentencing, the Court made an upward departure in the criminal history category in order to adequately reflect the seriousness of his criminal history. See Sentencing Transcript excerpts, Dkt.# 1-4 at 10. Petitioner was sentenced to ten (10) years on each of Counts 1, 3, and 4; and five (5) months on Count 5, all to run consecutive to each other and five (5) years on Count 2, to run concurrent with the sentence imposed on the other counts. See Judgment in a Criminal Case, Dkt.# 1-2.

Following the denial of his post-trial motions, petitioner filed a direct appeal of his conviction and sentence. On May 14, 1999, the Second Circuit Court of Appeals found no error in his conviction or sentence, affirming the decision of Southern District of New York. United States v. Davis, No. 98-1506, 1999 U.S. App. Lexis 9214 (1999). Petitioner then petitioned for a writ of *certiorari*, which was denied on November 1, 1999. James v. United States, 2002 U.S. Dist. LEXIS 8879, at 4.

On November 20, 2000, James filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the U.S. District Court for the Southern District of New York, alleging, *inter alia,* numerous of ineffective assistance of counsel and actual innocence of the conduct charged in the first two counts of conviction. (Criminal Docket for Case #1:97-cr-00185- BSJ-2, Dkt.# 1-4). His § 2255 motion was denied, as was a certificate of appealability, by Order entered on August 20, 2002. (Id. at 59). Undeterred, petitioner filed a notice of appeal with the Second Circuit Court of Appeals on September 20, 2002, which was also denied, and the appeal dismissed, on March 19, 2003. (Id.).

In his memorandum in support of the instant petition, although petitioner asserts that subsequent to the denial of his first § 2255 motion, he also filed a successive § 2255 motion, attempting to advance claims relying on intervening U.S. Supreme Court authority that was deemed not to be retroactive to cases on collateral review, his criminal docket from the Southern District of New York does not reflect this.

Petitioner also asserts that he filed a motion with his sentencing court, seeking "Modification of Sentence" pursuant 18 U.S.C. § 3582(C)(2). The petitioner's criminal docket reflects that this motion was denied by Order entered on January 26, 2009.[1] On February 5, 2009, petitioner filed a *pro se* Motion for Reconsideration to Alter, Amend Order/Judgment or Motion for additional Findings of Facts or Conclusions of law viz. Fed.R.Civ.P. 52(b) and 59(e), seeking modification of his sentence based on Amendment 599 listed under U.S.S.G. §1B1.10(c) as retroactive. Although the Government was directed to respond, the sentencing court docket does not reflect that a response was ever filed.

Petitioner filed the instant petition on July 22, 2011, attacking the validity of his conviction, and asserting actual innocence of the consecutive sentences.

### III. Analysis

---

[1] Section 3582(c)(2) was inapplicable to petitioner, because he was sentenced for firearms and explosives violations, not for any crack cocaine offense.

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions,[3] or a procedural bar due to failure to raise the issue on direct appeal, it does not demonstrate that the §

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.
    The limitation period shall run from the last of:
    a. The date on which the judgment of conviction becomes final;
    b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. §2255.
    Here, the petitioner's conviction became final when the time for filing a direct appeal expired. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). Upon disposition of a direct appeal, if a federal prisoner files a petition for a writ of *certiorari* with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies *certiorari* or issues a decision on the merits. *See* Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Accordingly, the petitioner's conviction became final on November 1, 1999, when the U.S. Supreme Court denied his petition for a writ of *certiorari*. Therefore, he had until November 1, 2000, to file a § 2255 petition, and he is now time-barred from doing so.

[3] Petitioner has already filed at least one §2255 motion and claims to have attempted to have filed a successive one, although the record does not reflect it.

2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, petitioner asserts, among other claims, that he is actually innocent. However, in order to raise a claim of actual innocence under § 2241, a petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[4] This petitioner has not done and cannot do. Even assuming *arguendo,* petitioner could satisfy the first and the third elements of Jones, the crimes for which petitioner was convicted remain criminal offenses, and therefore he cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's Motion for Leave to Amend Habeas Corpus Petition Pursuant to F.R. Civ. P. 15(a) (Dkt.# 17) be **GRANTED**, petitioner's Ancillary Motion Supporting Habeas Corpus Petition Seeking Order for "Show Cause"

---

[4] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

and "Summary Judgment" Pursuant to 28 U.S.C. § 2243 & Fed.R.Civ.P. 56 et seq. (Dkt.# 3) be **DENIED**; respondent's Motion to Dismiss, or, Alternatively, Motion for Summary (Dkt.# 9) be **GRANTED** and the petitioner's § 2241 petition (Dkt.# 1) along with its amendment (Dkt.# 17) be **DENIED** and **DISMISSED** with prejudice.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the United States District Court. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 7, 2011

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE