```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

KENT JAMES,

       Petitioner,

v.                                       Civil Action No. 5:11CV101
                                                                         (STAMP)

KUMA DEBOO, Warden

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On July 22, 2011, Kent James, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the Southern District of New York. The petitioner was sentenced in 1998 to three 10 year sentences and a five month sentence to run consecutively, as well a 5 year sentence to run concurrently with the first four sentences, following a jury conviction on charges of manufacturing firearms, manufacturing firearms without a license, possession of firearms by a prohibited person, possession of non-registered firearms and possession of explosives. These sentences reflected an upward departure from the United States Sentencing Guideline Range by

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

then-district Judge Sotomayer, made to reflect the seriousness of the petitioner's criminal history.  Following a direct appeal, which was denied by the United States Court of Appeals for the Second Circuit, and for which a writ of certiorari was denied by the United States Supreme Court, the petitioner filed a § 2255 motion to vacate his conviction and sentence.  This motion alleged multiple claims of ineffective assistance of counsel and actual innocence of the weapons manufacturing charges.  The Southern District of New York denied this motion and also refused to issue a certificate of appealability.

Despite this refusal, the petitioner appealed the Southern District's denial of his motion, and the Second Circuit again denied his motion for a certificate of appealability and affirmed the district court's denial of his § 2255 motion.  The petitioner claims that he filed a second motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but his Southern District of New York docket does not reflect such a filing.  However, his docket does reflect his filing of a motion with that court seeking a "modification of sentence" pursuant to 18 U.S.C. § 3582(C)(2), which was also denied.  The government was directed to respond to this motion, but it does not appear that it has done so.

This petition was filed on July 22, 2011.  In the petition, the petitioner attacks the validity of his conviction and asserts actual innocence of the consecutive sentences.  This matter was

referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. After a preliminary review, the magistrate judge ordered the respondent to show cause why the petition should not be granted, to which the respondent responded with a motion to dismiss, or alternatively, motion for summary judgment. The petitioner responded to the motion following the issuance of a Roseboro[2] notice and also filed a motion for leave to amend petition for writ of habeas corpus.

Magistrate Judge Seibert entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The magistrate judge found that the petitioner cannot rely upon the "savings clause" in § 2255 which permits certain claims to be brought under § 2241 because the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

The petitioner filed objections to the report in which he argues that the magistrate judge has failed in his report to acknowledge the merits of the petitioner's arguments and again reiterating that he believes his consecutive sentence to be unlawful.

## II.   Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III.   Discussion

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy.  A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise

4

the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. Specifically, 26 U.S.C. § 5861(f), 18 U.S.C. §§ 922(a)(1)(A) and (g)(1), 26 U.S.C. § 5861(d) and 18 U.S.C. § 846(i)(1), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test, and this Court agrees with the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition with prejudice.

## IV. Conclusion

This Court hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge (ECF No. 20) in its entirety. Accordingly, the respondent's motion to dismiss or in

the alternative, for summary judgment (ECF No. 9) is GRANTED, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE and petitioner's ancillary motion seeking order for "show cause" and "summary judgment" is DENIED AS MOOT (ECF No. 3).  However, the petitioner's motion for leave to amend his petition for writ of habeas corpus is GRANTED (ECF No. 17).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.

    DATED:    December 21, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE